OFFICE OF THE ATTORNEY GENERAL
Edward Manibusan
Attorney General
J. Robert Glass, Jr. (F0523)
Chief Solicitor
Hon Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP  96950-8907
Tel: (670)-237-7500
Fax: (670)-664-2349
e-mail:  robby_glass@cnmioag.org
Attorney for Anthony Macaranas in his Official Capacity as
Commissioner of the NMI Department of Public Safety

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| PAUL MURPHY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Anthony Iglecias Macaranas, in his official capacity as Commissioner of the Department of Public Safety of the Northern Mariana Islands<br><br>　　　　　Defendant. | Civil Action No. 1-24-CV-00017<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS** |

　　　　Anthony Macaranas in his official capacity as the Commissioner of the NMI Department of Public Safety ("DPS") by and through his attorney of record, Chief Solicitor, J. Robert Glass, Jr., hereby files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service of the summons and complaint, and 12(b)(6) for failure to state a claim upon which relief may be granted.

**I.　　INTRODUCTION**

　　　　On November 5, 2024, Plaintiff filed his Complaint containing two causes of action for 1) a 42 U.S.C. § 1983 action that the denial of possession of certain "arms" violated Mr. Murphy's rights under the second amendment and 2) a declaratory judgment that 6 CMC § 2222 and Public Law 19-42 § 208(a)(2)[1] are unconstitutional and for an injunction prohibiting Department of Public

---

[1] P.L. 19-42 § 208(a)(2) was codified as 6 CMC § 10208(a)(2).

Safety Commissioner Anthony Macaranas from enforcing 6 CMC §§ 2222 and 10208(a)(2). *See* ECF 1. A summons was issued the next day, November 6, 2024, and allegedly served on Officer Joseph Benevente of DPS. *See* ECF 2. The return was filed November 12, 2024 stating that the summons was left with "Antonio Muna," incorrectly identified as the executive secretary to the Commissioner. It is not clear that Antonio Muna is authorized to accept service on behalf of Commissioner Macaranas.

Plaintiff has failed to properly serve the summons and complaint in this matter and the case should be dismissed or proper service should be ordered by the Court. *See* Fed. R. Civ. P. 12(b)(5). Further, any claims as to 6 CMC § 2222 should be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## II.  LEGAL STANDARDS

### Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P 12(b)(5). Once the sufficiency of service of process is challenged, the plaintiff bears the burden of establishing that service was valid. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp. 2003)). Plaintiff may establish prima facie evidence of valid service by filing a return of service. *See S.E.C. v. Internet Sols. For Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quotation omitted). The burden then shifts back to the defendant to show "strong and convincing evidence" that service was not properly executed. *Id*. While the *S.E.C.* case is more directed at overcoming the entry of a default judgment, even if applied in the present context, Defendant can overcome the burden. If a plaintiff fails to timely serve an opposing party within 90 days of the complaint being filed, the court may either dismiss the action without prejudice or direct the plaintiff to effect service within a specified time. Fed. R. Civ. P. 4(m). If Plaintiff shows good cause why service was not properly executed, "the court must extend the time for service for an appropriate period." *Id*.

**Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the Complaint. The Court assumes the allegations contained in the Complaint are true and draws all reasonable inferences in favor of the Plaintiff. In evaluating whether a complaint states a plausible claim for relief, the Court relies on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014, as amended Jan. 26, 2015).

**ARGUMENT**

**A.    Defendant Was Not Properly Served.**

Plaintiff instituted his suit on November 5, 2024. Plaintiff filed an executed return of service on Antonio Muna of DPS who is alleged to be the "executive secretary to Commissioner Anthony Iglecias Macaranas." *See* ECF 2. The return is signed by a process server indicating he served the summons on Antonio Muna by leaving it with him. *Id*. It is not clear if the Complaint was served with the summons. *Id*. Antonio Muns is an officer with DPS and is not designated to receive service for Commissioner Macaranas.

However, even assuming Officer Muna is designated to receive service on behalf of Commissioner Macaranas to bring suit against him in his official capacity and assuming that the process server served both the Complaint and summons, service has still not been fulfilled in accordance with Federal Rule of Civil Procedure 4(j)(2), which requires:

> **(2) State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

The complaint and summons were not served on the chief executive officer for the Commonwealth. In addition, the complaint and summons were not served in accordance with the

Commonwealth's laws for service. Northern Mariana Islands Rule of Civil Procedure 4(i) reads in pertinent part:

> **Serving the Commonwealth, and its Agencies, Corporations, Officers, or Employees.**
> (1) *Commonwealth*. To serve the Commonwealth, a party must:
>     (A) deliver a copy of the summons and the complaint to the attorney general or to an assistant attorney general or clerical employee of the office of the attorney general, at the office of the attorney general; or
>     (B) send a copy of the summons and the complaint by registered or certified mail addressed to the attorney general.
> (2) *Agency; Officer or Employees Sued in an Official Capacity*. To serve an officer, agency or employee of the Commonwealth, a party must serve the Commonwealth in the manner prescribed by Rule 4(i)(1) and also send a copy of the summons and the complaint by registered or certified mail to the officer or agency.

Plaintiff did not serve Commissioner Macaranas in his official capacity because Plaintiff failed to send "a copy of the summons and complaint by registered mail to the officer or agency" *and* failed to serve the Commonwealth in compliance with 4(i)(1)(A) or (B) by delivering a copy of the summons and complaint to the Attorney General.

Plaintiff's failures are apparent on the face of the Proof of Service document. Because the Plaintiff has failed to serve in compliance with Federal Rule of Civil Procedure 4(j)(2), the Court should either dismiss the case without prejudice or set a time in which Plaintiff must accomplish proper service so that Defendant may properly respond to the suit.

**B.  The Court Should Dismiss With Prejudice Any Claim Regarding 6 CMC § 2222(a).**

Plaintiff asks this Court to declare 6 CMC § 2222(a) unconstitutional and to grant an injunction to permanently enjoin the Defendant from enforcing it. Compl. at 6. The statute being challenged by Plaintiff was repealed by the legislature in Public Law 19-73 § 3 in 2016.[2] The specific statute being challenged, 6 CMC § 2222(a), no longer exists.[3] Thus, this Court should dismiss any claim relating to 6 CMC § 2222(a) with prejudice because even if Plaintiff were correct and the ban on sound suppressors, moderators, and silencers in 6 CMC § 2222(a) is

---

[2] Public Law 19-73 is attached as Exhibit A.

[3] A copy of the repealed statute is attached as Exhibit B.

unconstitutional, the Court could not grant the relief requested in declaring a repealed statute unconstitutional. *See Ashcroft v. Iqbal*, 556 US 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.") (citation omitted). The repealed statute also could not be enforced. Further, nothing within the Complaint or the documents attached to the Complaint reference 6 CMC § 2222(a) as any basis for the denial of Plaintiff's request for a silencer. Thus, because the statute has been repealed, the relief requested cannot be granted and Plaintiff has failed to state a claim.

## CONCLUSION

For the reasons above, the Court should dismiss all claims related to 6 CMC § 2222(a) with prejudice for failure to state a claim on which relief may be granted and to dismiss the case without prejudice or to provide a time by which Plaintiff must complete proper service.

Respectfully Submitted,

November 26, 2024

<div style="margin-left: 50%;">

CNMI OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN, ATTORNEY GENERAL

By: /s/ *J. Robert Glass, Jr.*
J. Robert Glass, Jr., Bar No. F0523
Chief Solicitor

Office of the Attorney General
Commonwealth of the Northern Mariana Islands
Attorneys for the Commonwealth

</div>