Paul Murphy MA.IS.
8232 SVRB
Saipan, MP, 96950
(670) 484-6136
paul.murphy.officialmail@gmail.com
Paul Murphy, PRO SE

FILED
Clerk
District Court

DEC 19 2024

for the Northern Mariana Islands
By _____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

Paul Murphy,

    Plaintiff,

vs.

ANTHONY IGLECIAS MACARANAS, in his official capacity as Commissioner of the Department of Public Safety of the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (CNMI),

    Defendant.

Case No.: 1:24-cv-00017

MOTION FOR SUMMARY JUDGMENT

DATED: 12/19/24

_____
Paul Murphy
Pro Se

- 1 -
**MOTION FOR SUMMARY JUDGMENT**

## PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT

NOW COME the Plaintiff, Paul Murphy, Pro Se, and pursuant to Rule 56 of the Federal Rules of Civil Procedure move this court for summary judgment on his claim that the CNMI's ban on ban on silencers, sound suppressors, or sound moderators violates the Second and Fourteenth Amendments, both on its face and as applied. In support of his motion, Plaintiff state as follows:

1. The Second Amendment reads, "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." "In District of Columbia v. Heller, 554 U. S. 570, and McDonald v. Chicago, 561 U. S. 742, the Court held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense. Under Heller, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct, and to justify a firearm regulation the government must demonstrate that the regulation is consistent with the Nation's historical tradition of firearm regulation. Pp. 8–22." New York State Rifle & Pistol Association, Inc. v. Bruen (2022).

2. The interest balancing inquiry is expressly rejected. "(1) Since Heller and McDonald, the Courts of Appeals have developed a "two-step" framework for analyzing Second Amendment challenges that combines history with means-end scrutiny. The Court rejects that two-part approach as having one step too many. Step one is broadly consistent with Heller, which demands a test rooted in the Second Amendment's text, as informed by history. But Heller and McDonald do not support a second step that applies means-end scrutiny in the Second Amendment context. Heller's methodology centered on constitutional text and history. It did not invoke any means-end test such as strict or intermediate scrutiny, and it expressly rejected any interest-balancing inquiry akin to intermediate scrutiny. Pp. 9–15." New York State Rifle & Pistol Association, Inc. v. Bruen p.2 (2022).

3. "The Court has held that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding," District of Columbia v. Heller, 554 U. S. 570, 582 (2008). "As the per curiam opinion recognizes, this is a conjunctive test: A weapon may not be banned unless it is both dangerous and unusual." Caetano v. Massachusetts, 577 U.S. 8 (2016). With over three million silencers,

1  suppressors, and sound moderators owned by Americans this is in common use for lawful purposes.
2  (Hetland, 2024).
3     4. In Radich et al v. Deleon Guerrero, No. 1:2014cv00020 this court declared, "The
4  handgun and handgun ammunition ban contained in 6 CMC § 2222(e) is declared unconstitutional
5  and in violation of the Covenant that incorporated the Second Amendment to the U.S.
6  Constitution;".
7     5. In Murphy v. CNMI 1:14-CV-00026, Pp. 53-54 (2016) this court declared, "… the Court
8  declares that the following provisions of the Commonwealth Code, as described, unconstitutionally
9  violate the individual right to armed self-defense, in violation of the Second and Fourteenth
10 Amendments to the United States Constitution, made applicable in the CNMI by the Covenant:
11    6 CMC § 10101(e)(1)(i), to the extent that it defines "assault weapon" to include a
12    semiautomatic rifle in a caliber greater than .223 that has the capacity to accept a
13    detachable magazine and any one of the following:
14    a. a pistol grip under the action of the weapon;
15    b. a thumbhole stock;
16    c. a folding or telescoping stock;
17    d. a flare launcher;
18    e. a flash suppressor; and
19    f. a forward pistol grip;"
20    6. Apart from the CNMI's broad ban on silencers, sound suppressors, or sound moderators,
21 Mr. Murphy is qualified to possess silencers, sound suppressors, or sound moderators.
22    7. "The court shall grant summary judgment if the movant shows that there is no genuine
23 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
24 Civ. 56(a). For the reasons stated above and summary judgment is appropriate here.
25    WHEREFORE, Plaintiff prays this court grant his motion for summary judgment.
26
27 Dated: 12/19/24      Respectfully submitted by:   *(signature)*
28                           Paul Murphy, PRO SE

- 3 -
**MOTION FOR SUMMARY JUDGMENT**