Case 1:24-cv-00017   Document 7   Filed 12/31/24   Page 1 of 4

FILED
Clerk
District Court
DEC 31 2024
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PAUL MURPHY,<br><br>              Plaintiff,<br>v.<br><br>ANTHONY I. MACARANAS, in his official capacity as Commissioner of the Department of Public Safety of the Northern Mariana Islands<br><br>              Defendant. | Case No. 1-24-cv-00017<br><br>**ORDER DIRECTING DEFENDANT TO SUPPLEMENT MOTION TO DISMISS** |

### I.  INTRODUCTION

Pro se Plaintiff Paul Murphy ("Plaintiff") filed his Complaint on November 5, 2024 seeking a declaratory judgment and injunctive relief against Defendant Anthony I. Macaranas ("Defendant") in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands ("CNMI") for an alleged violation of his Second Amendment right to possess a firearm with a suppressor. (ECF No. 1.) On the same day, the Summons was issued.  A proof of service was subsequently filed with the court on November 12, 2024. (ECF No. 2 at 3.) The process server indicated "the summons" was left on November 6, 2024 at "the CNMI Department of Public Safety" with "Antonio Muna," identified as "the executive secretary to Commissioner, Anthony Iglecias Macaranas." (*Id*.) Before the court is Defendant Macaranas's Motion to Dismiss the Complaint in this matter pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(5) for Plaintiff's failure to properly serve Defendant and FRCP 12(b)(6) for Plaintiff's failure to state a claim upon which relief may be granted. ("Motion," ECF No. 3–3-1.) Plaintiff failed to timely respond to Defendant's Motion, as his response was due by December 10, 2024, pursuant to Local Rule 7.1(c)(2). To date, Plaintiff has

not filed an opposition to Defendant's Motion to Dismiss. Failure to timely file an opposition may be deemed an admission that the motion is meritorious. (*Id.*)

Instead of responding to the Motion, Plaintiff filed a Motion for Summary Judgment on December 19, 2024. (ECF No. 5.) The next day, Defendant filed a Request for the court to grant his Motion to Dismiss without a hearing, and to reset the briefing schedule on Plaintiff's Motion for Summary Judgment until after the court issues its decision on the Motion to Dismiss. (ECF No. 6.)

**II.     DISCUSSION**

Having reviewed the Motion to Dismiss and considered the applicable law, the court refrains from finding at this point that Defendant has not been properly served in accordance with the Federal Rules of Civil Procedure. FRCP Rule 4 dictates that "[a] summons must be served with a copy of the complaint," FRCP 4(c)(1) ("Rule 4(c)"); outlines specific requirements for serving an individual within a judicial district of the United States, FRCP 4(e) ("Rule 4(e)"); and outlines specific requirements for serving a foreign, state, or local government, FRCP 4(j) ("Rule 4(j)"). Defendant first raises issues with Plaintiff's service in accordance with Rules 4(c) and 4(e). (ECF No. 3-1 at 3.) Although Defendant states "[i]t is not clear if the Complaint was served with the summons" (*id.*), the court finds at this time that the requirements of Rule 4(c) have been met because the Summons references that the complaint was attached (ECF No. 2 at 1). Further, the court declines to find based on the information at hand that Plaintiff has failed to serve Defendant in accordance with Rule 4(e). In particular, Rule 4(e)(2)(C) allows a plaintiff to serve an individual within the judicial district by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Here, Defendant asserts that Antonio Muna "is an officer with DPS and is not designated to receive service for Commissioner Macaranas." (ECF No. 3-1 at 3). Because this factual assertion by

Defendant is not supported by any admissible evidence, the court cannot find that Plaintiff failed to effectuate service in accordance with Rule 4(e)(2)(C). *See Wells Fargo Bank NA v. Kuhn*, No. CV137913GAFFFMX, 2014 WL 12560870, at *2 (C.D. Cal. July 23, 2014) ("Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service.") Thus, in order to establish dismissal is proper for Plaintiff's failure to properly serve Defendant pursuant to Rules 4(c) or 4(e), Defendant must provide at least a declaration of someone with personal knowledge attesting to the deficiencies in service.

Additionally, Defendant contends that even if Plaintiff properly served him in accordance with Rules 4(c) and 4(e), his Motion to Dismiss must be granted because Plaintiff failed to comply with Rule 4(j)(2). However, Plaintiff has filed suit against Defendant in his official capacity, rather than against a "State or Local Government." *See* Rule 4(j)(2). Although a plaintiff's "suit against state officials in their official capacities" is treated "as a suit against the state" for sovereign immunity purposes, *Holley v. California Dep't Of Correct.*, 599 F.3d 1108, 1111 (9th Cir. 2010), "[t]he Ninth Circuit has not squarely addressed whether state officials sued in their official capacity must be served as individuals according to Rule 4(e) or as public entities according to Rule 4(j)." *Ward v. Stanislaus*, No. 23-CV-06167-JSC, 2024 WL 3432000, at *2 (N.D. Cal. July 16, 2024). Thus, to the extent Defendant rests his 12(b)(5) Motion to Dismiss on the argument that Rule 4(j)(2) controls the service of process requirements for suits against state officials in their official capacities, Defendant failed to provide a sufficient legal basis. Accordingly, Defendant is directed to provide supplemental briefing on this point.

Finally, the court notes that both Rules 4(e) and 4(j) allow for service pursuant to state law, or in this case, CNMI law. However, while compliance with the relevant CNMI law——

Rule 4(i)(1)–(2) of the Northern Mariana Islands Rules of Civil Procedure——is sufficient to effectuate proper service of process in this case, such compliance is not necessary. Here, because Plaintiff's proof of services establishes a "prima facie" showing that Defendant was properly served in accordance with Rules 4(c) and 4(e)(2)(C), *see Castaneda v. Garden Grove Police Dep't,*, No. CV 21-1892-FMO (AGR), 2022 WL 3137926, at *1 (C.D. Cal. June 27, 2022), *report and recommendation adopted*, No. SACV211892FMOAGR, 2022 WL 3155257 (C.D. Cal. Aug. 8, 2022), Defendant must refute that showing with admissible evidence. In addition or the alternative, Defendant may provide support for his position that Plaintiff in this instance is required to effectuate service in accordance with Rule 4(j)(2) rather than Rule 4(e).

### III. CONCLUSION

Based on the foregoing reasons, the court finds that additional information is necessary before it can rule on Defendant's Motion to Dismiss. Therefore, Defendant is directed to file a supplemental briefing 1) providing admissible evidence demonstrating how Plaintiff has failed to properly serve Defendant in accordance with Rules 4(c) and 4(e)(2)(C); and 2) addressing why Plaintiff is required to effectuate service in accordance with Rule 4(j)(2) rather than Rule 4(e). The supplemental briefing is due within 14 days of this Order, by **January 14, 2025**. Further, the hearing dates and briefing deadlines related to Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment are hereby vacated and suspended pending further order of the court.

IT IS SO ORDERED this 31st day of December, 2024.

RAMONA V. MANGLONA
Chief Judge