OFFICE OF THE ATTORNEY GENERAL
Edward Manibusan
Attorney General
Kassandra Knoff (T0178)
Assistant Attorney General
Hon Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670)-237-7500
Fax: (670)-664-2349
e-mail: kassandra_knoff@cnmioag.org
Attorney for DPS Commissioner Macaranas
In his Official Capacity

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| PAUL MURPHY,<br><br>        Plaintiff,<br><br>v.<br><br>Anthony Iglecias Macaranas, in his official capacity as Commissioner of the Department of Public Safety of the Northern Mariana Islands<br><br>        Defendant. | Civil Action No. 1-24-CV-00017<br><br>**DEFENDANT'S STATEMENT OF SUPPLEMENTAL AUTHORITY** |

COMES NOW Defendant, the Commonwealth of the Northern Mariana Islands by and through the Commissioner of the Department of Public Service ("DPS"), by and through its undersigned counsel, and files its statement of supplemental authority.

**I. Introduction**

The Defendant's Motion to Dismiss for failure to serve is pursuant to Federal Rule of Civil Procedure ("FRCP") 4 and NMI Rule of Civil Procedure (NMIRCP) 4(i).[1] FRCP Rule 4 dictates

---

[1] NMI Rule of Civil Procedure 4 states in relevant part:
    (1) *Commonwealth*. To serve the Commonwealth, a party must:
        (A) deliver a copy of the summons and the complaint to the attorney general or to an assistant attorney general or clerical employee of the office of the attorney general, at the office of the attorney general; or
        (B) send a copy of the summons and the complaint by registered or certified mail addressed to the attorney general.
    (2) *Agency; Officer or Employees Sued in an Official Capacity*. To serve an officer, agency or employee of

that "[a] summons must be served with a copy of the complaint," FRCP 4(c)(1) ("Rule 4(c)"); outlines specific requirements for serving an <u>individual</u> within a judicial district of the United States, FRCP 4(e) ("Rule 4(e)"); and outlines specific requirements for serving a <u>foreign, state, or local government</u>, FRCP 4(j) ("Rule 4(j)").

In many jurisdictions, Rule 4(j)(2) controls the service of process requirements for suits against state officials in their official capacities. See *Libertarian Party v. Dardenne*, 2009 WL 790149 (M.D. La. 2009). The Ninth Circuit has left it an open question whether individuals sued in their official capacities should be served pursuant to Rule 4(e) or Rule 4(j). However, "no matter whether service of a state official sued in their official capacity must fulfill Rule 4(e) or 4(j), such service may be achieved pursuant to [state] law governing service on public entities." *Ward v. Stanislaus*, No. 23-CV-06167-JSC, 2024 WL 3432000, at *2 (N.D. Cal. July 16, 2024).

Even if Plaintiff's service of process is ruled by Rule 4(e) and service on the Defendant as an individual is proper, the Plaintiff failed to serve Defendant adequately because Rule 4 incorporates by reference the relevant state (here, CNMI) civil procedure rules regarding service, the standards of which Plaintiff failed to meet. See *Chandler v. Cent. Vt. Pub. Serv. Corp.*, No. 1:11-CV-131-JGM, 2012 WL 966491, at *2 (D. Vt. Mar. 21, 2012) (finding state defendants had not been properly served, where summonses and complaint "were left with an office manager rather than being personally served, delivered to [d]efendants' homes, or served in some other fashion that would comply with either state or federal law").

**II. Plaintiff did not adequately execute service of process on Macarenas in accordance with NMIRCP 4(i)(1-2)**

---

the Commonwealth, a party must serve the Commonwealth in the manner prescribed by Rule 4(i)(1) and also send a copy of the summons and the complaint by registered or certified mail to the officer or agency.

SUPPLEMENTAL BRIEF
Page 2 of 6

Regardless of whether FRCP Rule 4(e) or FRCP Rule 4(j) applies to Plaintiff's service of process, both implicate the state laws regarding service of process and therefore it is a key question whether Plaintiff satisfied the local Rules of Civil Procedure in his service.

NMIRCP 4(i)(1) governs service on the Commonwealth. It requires delivery of a copy of the summons and the complaint to the attorney general, an assistant attorney general, or a clerical employee of the office of the attorney general. NMIRCP 4(i)(2) by incorporating the 4(i)(1) and *additionally* requires that the Plaintiff "also send a copy of the summons and the complaint by registered or certified mail to the officer or agency."

Here, Plaintiff failed to meet the standards of NMIRCP Rule 4(i) because he failed to serve the summons or complaint on the Attorney General or any of his authorized employees, and failed to send a copy to the individual named in the suit by registered or certified mail. Even if the service of process was sufficient on Defendant as an individual, Plaintiff failed entirely to meet the standard regarding service on the Attorney General.

**III. Plaintiff did not adequately execute service of process on Macarenas in accordance with FRCP Rule 4(e)**

The Court should find that Rule 4(j)(2) applies because just like in sovereign immunity suits, this is a suit against the state and thus service should be treated the same. Nevertheless, if the Court finds that process of service on an individual is appropriate here, Plaintiff still failed to serve Defendant properly.

Federal Rule of Civil Procedure 4(e) provides that service of process upon an individual from whom a waiver of service has not been obtained may be effectuated by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As detailed above, Plaintiff failed to properly serve pursuant to NMIRCP 4, which means that he failed service pursuant to FRCP Rule 4(e)(1) as it explicitly incorporates the state rules by reference. Turning to Rule 4(e)(2), Plaintiff did not deliver a copy of the Summons and Complaint to Defendant personally, did not leave a copy to Defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, and failed to deliver a copy of each to an agent authorized by appointment or by law to receive process of service. *See* Affidavit of DPS Commissioner Macaranas. This last point, which implicates Rule 4(e)(2)(C), is attested to in the affidavit by Defendant Macaranas which states that neither Officer Joseph Benevente nor Antonio Muna are authorized to receive process of service on the Commissioner's behalf, individually or in his official capacity. *Id*.

**IV. Plaintiff did not adequately execute service of process on Macarenas in accordance with FRCP Rule 4(j)(2)**

FRCP Rule 4(j)(2) governs serving a state or local government. It is the appropriate rule to apply here because Defendant is being sued in his official capacity. It reads:

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for

serving a summons or like process on such a defendant.

The "chief executive officer" here would be the head of the department, which would be the Commissioner of DPS. *McClellan v. Board of County Com'rs of Tulsa County*, 261 F.R.D. 595 (N.D. Okla. 2009) (requiring that service must be made upon the employee who approximates most closely the "chief executive officer" in Rule 4(j)). The Fifth Circuit has determined that FRCP Rule 4(j) applies in suits where the defendant is an individual being served in their official capacity, while other District Courts agree. *See Moore v. Hosemann*, 591 F.3d 741, 746–747 (5th Cir. 2009) (Mississippi secretary of state, sued in his official capacity, should be considered state government entity to be served under Rule 4(j)), see also *Libertarian Party v. Dardenne*, 2009 WL 790149 (M.D. La. 2009) (service on a defendant in his official capacity as a state employee must be effected under Rule 4(j) as suing a state official in his official capacity is a suit against the state), *Mack v. Fox*, 2008 WL 4832995 (M.D. N.C. 2008) (service on defendants sued in their official capacities as agents of the state must be made in accordance with Rule 4(j)).

Plaintiff did not serve Defendant directly, which means he failed to serve process pursuant to Rule 4(j)(2)(A). *Kiernan v. Hermes Intern.*, 2009 WL 2707343 (E.D. N.Y. 2009) (when requirements of 4(j)(2)(A) are not met, court determines whether service was proper under relevant state law according to Rule 4(j)(2)(B)). Rule 4(j)(2)(B) incorporates "state's law" by reference, which Plaintiff also failed to serve pursuant to correctly as discussed previously.

### V.  Conclusion

The Court must dismiss when a Defendant is not properly served. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "To serve an officer, agency or employee of the Commonwealth, a party must serve the Commonwealth . . . and also send a copy of the summons and the complaint by registered or certified mail to the officer or agency." See NMI R. CIV. P. 4(i)(2).

For the reasons above, the Court should find that Plaintiff failed to properly serve

Defendant pursuant to the Federal Rules of Civil Procedure and the NMI Rules of Civil Procedure, and thus grant Defendant's Motion to Dismiss or provide a time by which Plaintiff must complete proper service.

                                    CNMI OFFICE OF THE ATTORNEY GENERAL
                                    EDWARD MANIBUSAN, ATTORNEY GENERAL

By: /s/  Kassandra Knoff
     Kassandra Knoff (T0178)
     Assistant Attorney General

     Office of the Attorney General