F I L E D
 Clerk
 District Court
JAN 27 2025
for the Northern Mariana Islands
By_____
        (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PAUL MURPHY,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTHONY I. MACARANAS, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands<br><br>        Defendant. | Case No. 1-24-cv-00017<br><br>**DECISION AND ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

    Before the court is Defendant Anthony I. Macaranas' ("Defendant") Motion to Dismiss the Complaint in this matter pursuant to Rules 12(b)(5)–(6) of the Federal Rules of Civil Procedure ("Rules 12(b)(5)–(6)") (ECF No. 3), as supplemented by additional briefing (ECF Nos. 9–9-1). For the reasons stated herein, the court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) and withholds ruling on the Rule 12(b)(6) basis for Defendant's Motion until he has been properly served.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

    Pro se Plaintiff Paul Murphy ("Plaintiff") filed his Complaint in this Court on November 5, 2024 seeking a declaratory judgment and injunctive relief against Defendant Anthony I. Macaranas in his official capacity as Commissioner of the Department of Public Safety ("DPS") of the Commonwealth of the Northern Mariana Islands ("CNMI") for an alleged violation of his Second Amendment right to possess a firearm with a suppressor. (ECF No. 1.) On the same day, the Summons was issued. A proof of service was subsequently filed with the court on November 12, 2024. (ECF No. 2.) The process server indicated the Summons was left on November 6, 2024

at "the CNMI Department of Public Safety" with "Antonio Muna," identified as "the executive secretary to Commissioner, Anthony Iglecias Macaranas." (*Id*. at 3.) On November 26, 2024, Defendant filed a Motion to Dismiss the Complaint in this matter pursuant to Rules 12(b)(5)–(6), based on Plaintiff's failure to properly serve Defendant and Plaintiff's failure to state a claim upon which relief may be granted. (ECF No. 3.) Plaintiff failed to timely respond to Defendant's Motion, as his response was due by December 10, 2024 pursuant to Local Rule 7.1(c)(2). To date, Plaintiff has not filed an opposition to Defendant's Motion to Dismiss. Failure to timely file an opposition may be deemed an admission that the motion is meritorious. *Id*.

Instead of responding to the Motion to Dismiss, Plaintiff filed a Motion for Summary Judgment on December 19, 2024. (ECF No. 5.) The next day, Defendant filed a Request for the court to grant his Motion to Dismiss without a hearing, and to reset the briefing schedule on Plaintiff's Motion for Summary Judgment until after the court issues its decision on the Motion to Dismiss. (ECF No. 6.) On December 31, 2024, the court issued an Order directing Defendant to supplement his Motion to Dismiss by "1) providing admissible evidence demonstrating how Plaintiff has failed to properly serve Defendant in accordance with Rules 4(c) and 4(e)(2)(C) [of the Federal Rules of Civil Procedure]; and 2) addressing why Plaintiff is required to effectuate service in accordance with Rule 4(j)(2) rather than Rule 4(e) [of the Federal Rules of Civil Procedure]." (ECF No. 7 at 4.) The court also vacated the hearing dates and briefing deadlines related to both Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment. (*Id.*) Defendant timely filed his supplemental briefing supported by his declaration. (ECF No. 9–9-1.) In Macaranas' declaration, he states it was Officer Joseph Benevente of DPS who was served the Summons. (Affid., ECF No. 9-1 ¶4.) However, neither Officer Benevente nor "Antonio Muna" are authorized or designated to receive service for Macaranas in his personal or official capacities. (*Id.* ¶¶ 5–6, 8, 10–11.) Although Macaranas acknowledges that the

Summons was served together with a copy of the Complaint (*id.* ¶ 9), he was not served personally with the Summons and Complaint (*id.* ¶ 7).

## II. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(5) for failure to serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedures ("FRCP Rule 4") and Rule 4(i) of the Northern Mariana Islands Rules of Civil Procedures ("NMIRCP Rule 4(i)"). (ECF No. 9 at 1.) Based on the current record, the court agrees that Defendant has not been properly served. However, the court denies Defendant's Rule 12(b)(5) Motion because Plaintiff still has time to perfect service. Further, until Defendant is properly served and the court has personal jurisdiction over him, the court withholds ruling on Defendant's Rule 12(b)(6) basis for his Motion to Dismiss.

### A. Defendant has not been properly served.

FRCP Rule 4 outlines the requirements for proper service of process. Although a plaintiff's "suit against state officials in their official capacities" is treated "as a suit against the state" for sovereign immunity purposes, *Holley v. California Dep't Of Correct.*, 599 F.3d 1108, 1111 (9th Cir. 2010), "[t]he Ninth Circuit has not squarely addressed whether state officials sued in their official capacity must be served as individuals according to [FRCP] Rule 4(e) or as public entities according to [FRCP] Rule 4(j)." *Ward v. Stanislaus*, No. 23-CV-06167-JSC, 2024 WL 3432000, at *2 (N.D. Cal. July 16, 2024). However, having reviewed Defendant's declaration and considered the applicable law, the court agrees with Defendant that he has not been properly served in accordance with the Federal Rules of Civil Procedure——under *either* FRCP Rule 4(e) *or* 4(j). (ECF No. 9 at 2–5; Affid. ¶¶ 3–11.)

Both FRCP Rules 4(e) and 4(j) allow for service pursuant to state law, or in this case, CNMI law. FRCP 4(e)(1); FRCP 4(j)(2)(B). Here, although Plaintiff served a copy of the

Summons and Complaint on a DPS officer other than Macaranas himself, he has not satisfied the relevant CNMI law——NMIRCP Rule 4(i), which outlines the service requirements for suits against CNMI officials in their official capacity. Specifically, Plaintiff has failed to 1) serve the Summons and Complaint on the Attorney General ("AG") or any of the AG's authorized employees, or mail a copy of the Summons and Complaint to the AG (ECF Nos. 2 at 3; 3-1 at 4; 9 at 3), *see* NMIRCP Rule 4(i)(1); and 2) mail a copy of the Summons and the Complaint to Defendant or DPS (ECF Nos. 2 at 3; 9 at 3–4; Affid. ¶ 7), *see* NMIRCP Rule 4(i)(2). Thus, Plaintiff has not properly served Defendant in accordance with NMIRCP Rule 4(i).

Further, Plaintiff has failed to satisfy other methods of service available to him under FRCP Rules 4(e) and 4(j). Plaintiff has not complied with FRCP Rule 4(e)(2) because he has not 1) delivered a copy of the Summons and Complaint to Defendant personally (ECF No. 2 at 3; Affid. ¶ 7), *see* FRCP Rule 4(e)(2)(A); 2) left a copy of the Summons and Complaint at Defendant's dwelling or usual abode with someone of suitable age and discretion who resides there (ECF Nos. 2 at 3; 9 at 4), *see* FRCP Rule 4(e)(2)(B); or 3) delivered a copy of the Summons and Complaint to an agent authorized by appointment or law to receive service of process (ECF Nos. 2 at 3; 9 at 4; Affid. ¶¶ 4–6, 8, 10–11), *see* FRCP Rule 4(e)(2)(C). Also, Plaintiff has not complied with FRCP Rule 4(j)(2)(A) because he has not delivered a copy of the Summons and Complaint to the chief executive officer of DPS——Defendant Macaranas, as Commissioner of DPS (Affid. ¶ 7). *See* 1 N. Mar. I. Code § 2501. Thus, at this point in time, Plaintiff has failed to properly serve Defendant.

**B. Because Plaintiff still has time to perfect service, Defendant's 12(b)(5) Motion is denied.**

Under FRCP Rule 4(m), a plaintiff has 90 days from the filing of his complaint to properly serve a defendant——in this case, until February 3, 2025. Although the Ninth Circuit has not addressed whether state officials sued in their official capacity must be served according

to FRCP Rule 4(e) or 4(j), the court again notes that both Rules allow for service pursuant to state law. Thus, Plaintiff can perfect service by following the relevant requirements outlined at NMIRCP Rule 4(i):

> (i) Serving the Commonwealth, and its Agencies, Corporations, Officers, or Employees.
>> (1) *Commonwealth*. To serve the Commonwealth, a party must:
>>> (A) deliver a copy of the summons and the complaint to the attorney general or to an assistant attorney general or clerical employee of the office of the attorney general, at the office of the attorney general; or
>>> (B) send a copy of the summons and the complaint by registered or certified mail addressed to the attorney general.
>> (2) *Agency; Officer or Employees Sued in an Official Capacity*. To serve an officer, agency or employee of the Commonwealth, a party must serve the Commonwealth in the manner prescribed by Rule 4(i)(1) and also send a copy of the summons and the complaint by registered or certified mail to the officer or agency.

Because Plaintiff still has time to perfect service upon Defendant, Defendant's Rule 12(b)(5) Motion is premature and thus denied. *See Lazo v. E-Council Univ.*, No. SACV2202051CJCJDEX, 2023 WL 6785800, at *3–4 (C.D. Cal. Jan. 24, 2023). However, Plaintiff's failure to perfect service by February 3, 2025 may result in the issuance of an order to show cause against Plaintiff to show why this action should not be dismissed.

### C. Because the court does not have personal jurisdiction over Defendant, the court withholds ruling on the 12(b)(6) basis for Defendant's Motion to Dismiss.

"It is axiomatic that a court cannot exercise jurisdiction over a defendant without proper service of process pursuant to Rule 4." *Schauf v. Am. Airlines*, No. 1:15-CV-01172-SKO, 2015 WL 5647343, at *5 (E.D. Cal. Sept. 24, 2015) (internal citations omitted). Because Defendant has not been properly served, the court lacks jurisdiction over this action and Defendant's

Motion to Dismiss pursuant to Rule 12(b)(6). *See id.* Once Plaintiff has properly served Defendant and filed a proof of service indicating as such, the court will issue an order noticing its intent to take Defendant's Motion to Dismiss on the briefs pursuant to Local Rule 7.1(a)(2). At that time, the court will also set the briefing deadlines and hearing date for Plaintiff's Motion for Summary Judgment.

### III.   CONCLUSION

Because Defendant has not been properly served with the Summons and Complaint in this action but Plaintiff still has time to perfect service under the Federal Rules of Civil Procedure, Defendant's Motion to Dismiss is DENIED in part. **Plaintiff is ordered to perfect service of the Summons and Complaint on the Defendant on or before February 3, 2025.** Failure to do so may result in the issuance of an order to show cause why this action should not be dismissed. The court withholds ruling on the Rule 12(b)(6) basis for Defendant's Motion to Dismiss until Defendant is properly served.

IT IS SO ORDERED this 27th day of January, 2025.

RAMONA V. MANGLONA
Chief Judge