OFFICE OF THE ATTORNEY GENERAL
Edward Manibusan
Attorney General
J. Robert Glass, Jr. (F0523)
Chief Solicitor
Kassandra Knoff
Assistant Attorney General
Hon Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670)-237-7500
Fax: (670)-664-2349
e-mail: kassandra_knoff@cnmioag.org
Attorney for Anthony Macaranas in his Official Capacity as
Commissioner of the NMI Department of Public Safety

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| PAUL MURPHY, <br><br> Plaintiff, <br><br> v. <br><br> Anthony Iglecias Macaranas, in his official capacity as Commissioner of the Department of Public Safety of the Northern Mariana Islands <br><br> Defendant. | Civil Action No. 1-24-CV-00017 <br><br> **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS UNDER RULES 4 and 12(b)(5)** |

Anthony Macaranas in his official capacity as the Commissioner of the NMI Department of Public Safety ("DPS") by and through his attorney of record, Chief Solicitor, J. Robert Glass, Jr., hereby files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 4 and 12 (b)(5), for improper service of the summons and complaint.

This Court should adopt and follow the Fifth Circuit and District Courts of the Second, Fourth, Eighth, and Eleventh Circuits that require service on a Defendant in their official capacity must follow Federal Rule of Civil Procedure 4(j). *See Moore v. Hosemann*, 591 F.3d 741, 746-747 (5th Cir. 2009); *Libertarian Party v. Dardenne*, 2009 WL 790149 (M.D. La. 2009), *aff'd*, 595 F.3d 215 (5th Cir. 2010); *Chapman v. New York State Div. for Youth*, 227 F.D.R. 175 (N.D.N.Y. 2005); *Mack v. Fox*, 2008 WL 4832995 (M.D.N.C. 2008), report and recommendation adopted, 2008 WL 7674789 (M.D.N.C. 2008) (finding without discussion that Rule 4(j) applies to defendants sued in official capacity); *McCaslin v. Cornhusker State Industries*, 952 F.Supp. 652 (D. Neb. 1996) (finding without discussion that compliance with Rule 4(j) required when Defendant is sued in

official capacity); and *Randall v. Crist*, No. 5:03-CV-00220-MP-WCS, 2005 WL 5979678, at *2 (N.D. Fla. Nov. 1, 2005) ("A suit against Attorney General Crist in his official capacity requires service pursuant to Rule 4(j)(2) since the suit is, in effect, against the State of Florida").

## I. INTRODUCTION

This case originated on November 5, 2024 when Plaintiff filed his Complaint containing two causes of action for 1) a 42 U.S.C. § 1983 action that the denial of possession of certain "arms" violated Mr. Murphy's rights under the second amendment and 2) a declaratory judgment that 6 CMC § 2222 and Public Law 19-42 § 208(a)(2)[1] are unconstitutional and for an injunction prohibiting Department of Public Safety Commissioner Anthony Macaranas from enforcing 6 CMC §§ 2222 and 10208(a)(2). *See* ECF 1. Defendant filed a motion to dismiss on the grounds that Plaintiff failed to properly effect service and that 6 CMC § 2222 no longer exists and thus the Court cannot grant the relief sought. The Court then requested more information from Defendant (ECF 7) and ultimately decided that Defendant was not properly served and withheld ruling on the 12(b)(6) motion. (*See* ECF 10). The Court set a deadline of February 3, 2025 for Plaintiff to effectuate proper service. *Id*. On February 5, 2025, Plaintiff filed a return of service indicating that Defendant Macaranas was served personally. (*See* ECF 12). The Court then sua sponte extended the service deadline and set a deadline of February 26, 2025 for Defendant "to file any additional response to the Complaint served upon him on February 5, 2025." (ECF 13).

Defendant now timely files this Response. As the Court has already indicated it will take up the 12(b)(6) motion without a hearing, to the extent it is necessary Defendant re-alleges his 12(b)(6) motion here and supplements its response as to the Rule 4 Service issue pursuant to Rule 12(b)(5).

## II. LEGAL STANDARDS
### Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P 12(b)(5). Once the sufficiency of service of process is challenged, the plaintiff bears the burden of establishing that service was valid. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, *Federal*

---

[1] P.L. 19-42 § 208(a)(2) was codified as 6 CMC § 10208(a)(2).

*Practice and Procedure* § 1083 (3d ed. 2002 & Supp. 2003)). Plaintiff may establish prima facie evidence of valid service by filing a return of service. *See S.E.C. v. Internet Sols. For Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quotation omitted). The burden then shifts back to the defendant to show "strong and convincing evidence" that service was not properly executed. *Id*. While the *S.E.C.* case is more directed at overcoming the entry of a default judgment, even if applied in the present context, Defendant can overcome the burden. If a plaintiff fails to timely serve an opposing party within 90 days of the complaint being filed, the court may either dismiss the action without prejudice or direct the plaintiff to effect service within a specified time. Fed. R. Civ. P. 4(m). If Plaintiff shows good cause why service was not properly executed, "the court must extend the time for service for an appropriate period." *Id*.

### Service

Federal Rule of Civil Procedure 4 allows for various forms of service.
Federal Rule of Civil Procedure 4(e) allows for service in four ways:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(j)(2) states:

> **(2) State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>   **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>   **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

### Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows for a party to move to dismiss a case for "insufficient service of process."

### ARGUMENT

**A.  This Court Should Require Individuals Sued in Their Official Capacity Must Be Served in Accordance with Federal Rule of Civil Procedure 4(j).**

Memorandum for MOTION TO DISMISS
Page 3 of 8

The pertinent question before the Court is whether a defendant, who is being sued in his official capacity as opposed to being sued in an individual capacity must be served in compliance with Rules governing individual service (Rule 4(e)) or the rules governing service on the state (Rule 4(j)). Both rules allow for service under state laws. In the Commonwealth, service of an employee sued in an official capacity requires service on the Commonwealth and then sending a copy of the complaint and summon by registered or certified mail to the employee, officer, or agency:

> **(i) Serving the Commonwealth, and its Agencies, Corporations, Officers, or Employees.**
> (1) *Commonwealth*. To serve the Commonwealth, a party must:
>     (A) deliver a copy of the summons and the complaint to the attorney general or to an assistant attorney general or clerical employee of the office of the attorney general, at the office of the attorney general; or
>     (B) send a copy of the summons and the complaint by registered or certified mail addressed to the attorney general.
> (2) *Agency; Officer or Employees Sued in an Official Capacity*. To serve an officer, agency or employee of the Commonwealth, a party must serve the Commonwealth in the manner prescribed by Rule 4(i)(1) and also send a copy of the summons and the complaint by registered or certified mail to the officer or agency.

NMI Rule of Civil Procedure 4(i).

The question of whether or not a Plaintiff must effectuate service by following Federal Rule 4(j) as opposed to Federal Rule 4(e) is an open question in the Ninth Circuit. *See Ward v. Stanislaus*, No. 23-CV-06167-JSC, 2024 WL 3432000 at *2 (N.D. Cal. July 16, 2024). In *Ward*, the District Court found that even though the question about service under Rule 4 was an open question, it ultimately found that as long as service was done in accordance with state law, service suffices. The Commonwealth does not disagree with that holding as it would require Plaintiff to serve in accordance with state law. In the present case, Plaintiff has not served in accordance with state law, but has complied with Federal Rule 4(e) by serving Defendant personally, albeit in his official capacity.

There is no overarching consensus on whether or not government officials sued in their official capacity must be served in compliance with personal service or in compliance with service of the state. *See* Wright & Miller, *Federal Practice and Procedure*, § 1109 (4th ed.). Wright and Miller summarize the issue:

> Some courts have held that service of process for public employees sued in their official capacity is also governed by the rule applicable to serving individuals. Although the state has a great interest in the outcome of an official capacity suit, it is essential that the officer receive service of process as an individual because he or she

is bound by the judgment and can be held in contempt for disobeying a court order. In some cases, however, courts have held that state officers sued in their official capacities must be served in accordance with Rule 4(j).

While there is a split, the majority of courts have required service in conformance with Rule 4(j) as it best notifies the individual and the state.[2]

This Court should find the reasoning of the courts which have required service under Rule 4(j) more persuasive because those courts properly place the waiver provisions of Rule 4(d) into its proper context, thus supporting that service of an official capacity defendant cannot be made under Rule 4(e). The reasoning is that under Rule 4(d) a defendant, upon request, is required to waive service, and who without good cause fails to waive service is liable for the expenses incurred, including attorney's fees. *See* Fed. R. Civ. P. 4(d).[3] By holding that an individual sued in their official capacity is subject to Rule 4(e), then the waiver provisions would apply. The problem with this approach is that the waiver provisions of Rule 4(d) do not apply to individuals sued in their official capacity. *See Libertarian Party v. Dardenne*, Case No. 08-582-JJB, 2009 WL 790149 at *5 (M.D. La. Mar. 24, 2009), *aff'd*, 595 F.3d 215 (5th Cir. 2010). In affirming *Dardenne*, the Fifth Circuit relied on its prior decision in *Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009) which held that Rule 4(d) does not apply to official capacity defendants on the reasoning that if Rule 4(e) does apply then Rule 4(d) would also apply and would subject official capacity defendants to mandatory waiver provisions of the rule. The Court then noted "[a] number of other

---

[2] While admittedly not a huge split, two circuits allow for personal service of a defendant sued in their official capacity—the First and the Sixth— while the Fifth Circuit and District Courts in the Second, Fourth, Eighth and Eleventh Circuits require service in compliance with Rule 4(j).

[3] Rule 4(d) in pertinent part states:
**(d) Waiving Service.**
    **(1)** *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.
    ...
    **(2)** *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
        **(A)** the expenses later incurred in making service; and
        **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

courts have held that state officers sued in their official capacities are subject to service under rule 4(j) or its predecessor." *Id*.

Likewise, in *Chapman v. New York State Div. for Youth*, 227 F.R.D. 175, 179-80 (N.D.N.Y. 2005) held, "[s]ervice upon governmental agencies and their employees is governed by Rule 4(j)" because "a state official sued in an 'official' capacity is not subjugated to this waiver of service mandate." This holding is confirmed by the 1993 Advisory Committee Note, which preempted waiver fees against governments:

> The request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice. The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j). Moreover, there are policy reasons why governmental entities should not be confronted with the potential for bearing costs of service in cases in which they ultimately prevail.

Fed. R. Civ. P. 4. Here, if an official capacity defendant is amenable to service under Rule 4(e), then they would also be subject to Rule 4(d), which would require waiver. However, the Committee Notes make it clear that such waiver is not required for official capacity defendants and they cannot be held to pay the costs. As suits against official capacity defendants are the same as suits against the government, it makes sense that service should fall under the same umbrella as those suits against the state.

The two cases that hold that service of process on the individual is sufficient even when they are sued in their official capacity should not be adopted by this Court. The Sixth Circuit in *Amen v. City of Dearborn* decided the case in 1976, long before the 1993 waiver amendment to Rule 4(d) and the Advisory Commission Note to the Federal Rules that forms the basis for the Fifth Circuit's reasoning. *See* 532 F.2d 554 (6th Cir. 1976); *see also Chapman v. New York State Div. for Youth*, 227 F.R.D. 175, 178-79 (N.D.N.Y. 2005) (finding that Congress adopted Rule 4(d) in 1993 relying on Advisory Note to find that government employees are obligated to comply with Rule 4(d)). Further, the issue in *Amen* did not stem from the distinction between official capacity and individual capacity defendants as "the amended complaint fail[ed] to reflect whether the individuals were sued in their official or their individual capacities." *Id*. at 557. Further, the Sixth Circuit went on to state: "even if they were sued in their official capacities, service of process

would still be necessary to obtain personal jurisdiction of those officials." Thus, this Court should not rely on *Amen* as persuasive case law in deciding this issue.

The First Circuit case was also passed before the 1993 amendment and thus it is not fully clear that the First Circuit would continue to support personal service under Rule 4(e). *See Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 29 (1st Cir. 1988). However, *Echevarria* actually supports the Commonwealth in this case in finding that Rule 4(j) service is preferable in official capacity suits. The First Circuit remakes this argument in regards to why the Rules require suits against the Federal Government to be served upon the United States and the individual:

> When an action is filed against a federal officer in his official capacity, the action is in essence against the United States, justifying service upon the United States. On the other hand, the defendant officer should also be personally served, given that the action is directly against him, that some action or inaction is requested from him, and that he might be held in contempt if he were to violate the court's orders. J. Moore & J. Lucas, 2 *Moore's Federal Practice* ¶ 4.29 (1988). By requiring both service upon the United States and the mailing of a copy of the summons and of the complaint to the defendant officer, both the interests of the United States and the individual are protected.

*See Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 29 (1st Cir. 1988). The same rationale applies here- a suit against Defendant in his official capacity is no different than a suit against the Commonwealth and the Commonwealth is best served by requiring service in conformance with Rule 4(j) so that both the Commonwealth and the individual receive service. Further, *Echevarria-Gonzalez* points out another risk inherent of not requiring notice to the Commonwealth— that the officer may fail to inform the state of the suit. *Id*. at 29-30.

The policy reasons for such a holding requiring service under Rule 4(j) is also highlighted by this case. Here, the Commissioner of DPS changed during the time pertinent to the action. The Complaint makes some allegations against former Commissioner Bermudes and some against current Commissioner Macaranas. Had the suit only been served during the time of Commissioner Bermudes and he failed to provide notice to the Commonwealth of the suit prior to his departure, then is it easy to see how the suit could have slipped through the cracks without any notice of the Commonwealth to come defend its statutes of being unconstitutional. It is also not out of the equation that some future litigant fails to notify the Commonwealth of the suit and ends up with a default judgment or a contempt charge by failing to notify the Attorney General to come defend and represent them. Requiring service under Rule4(j) not only brings the Court into alignment with

the majority of courts but also best protects the interests of the Commonwealth and its employee defendants.

In this case, Plaintiff has not perfect service under Rule 4(j) and thus the Court lacks jurisdiction over Defendant.

## CONCLUSION

For the reasons above, Defendant requests for this Court to side with the majority of courts and hold that suits brought against official capacity defendants are required to follow Rule 4(j) and require Plaintiff to serve in accordance with that Rule. The Court should continue to withhold ruling on Defendant's motion to dismiss the 6 CMC § 2222(a) claim until it has proper jurisdiction over Defendant.

Respectfully Submitted,

February 26, 2025

CNMI OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN, ATTORNEY GENERAL

By: /s/ *J. Robert Glass, Jr.*
J. Robert Glass, Jr., Bar No. F0523
Chief Solicitor

Office of the Attorney General
Commonwealth of the Northern Mariana Islands
Attorneys for the Commonwealth