1 | Paul Murphy MA.IS.
2 | 8232 SVRB
  | Saipan, MP, 96950
3 | (670) 484-6136
  | paul.murphy.officialmail@gmail.com
4 | Paul Murphy, PRO SE

FILED
Clerk
District Court

MAR 1 1 2025

for the Northern Mariana Islands
By _____ (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

Paul Murphy,

    Plaintiff,

vs.

ANTHONY IGLECIAS MACARANAS, in his official capacity as Commissioner of the Department of Public Safety of the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (CNMI),

    Defendant.

Case No.: 1-24-cv-00017

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

DATED: March 11, 2025

_____
Paul Murphy
Pro Se

- 1 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Paul Murphy, Pro Se, submit the following points and authorities in opposition to the motion of the defendant ANTHONY IGLECIAS MACARANAS, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands (CNMI) to dismiss this action for improper service of the summons and complaint under Federal Rules of Civil Procedure 4 and 12 (b)(5).

## SUMMARY OF THE PLEADINGS

The Plaintiff in this action seeks a declaration from this Court that the ban on suppressors and sound moderators in the CNMI is unconstitutional. The Plaintiff also requests a permanent injunction preventing the Commissioner of the Department of Public Safety, Anthony Iglecias Macaranas, from enforcing these laws. Additionally, the Plaintiff seeks any other relief the Court deems just and proper.

The Defendant now seeks to dismiss the action altogether on the grounds that the Plaintiff failed to properly effect service in compliance with Rules governing individual service (Rule 4(j)) and that 6 CMC § 2222 no longer exists and thus the Court cannot grant the relief sought. The Defendant proposes that the pertinent question before the Court is whether a defendant, who is being sued in his official capacity as opposed to being sued in an individual capacity must be served in compliance with Rules governing individual service (Rule 4(e)) or the rules governing service on the state (Rule 4(j)).

## LEGAL ARGUMENT

I)   **Plaintiff concedes that under Rule 4(j) service was not completed and submitted a stamped and signed copy of the summons cover sheet showing the delivery of the completed summons and complaint to the CNMI Office of Attorney General.**

Plaintiff relied on a process server to properly serve Defendant in accordance with the Federal Rules of Civil Procedure. However, service was delayed, and Plaintiff was initially unable to get in contact with the process server to complete the summons in a timely fashion and to obtain the completed summons from the process server. Plaintiff subsequently obtained a copy

from the court and later received the cover page from the process server. The completed summons was ultimately delivered to the CNMI Attorney General's Office, as shown in the attachment (Attached as Exhibit 1) to this memorandum. Plaintiff is making a good faith effort to comply with the FRCP and prays this court accept this as a fulfillment of service under the FRCP.

**II)    Plaintiff concedes that 6 CMC § 2222 was repealed in PL 19-73 Section 3.**

**III)   The Allegations of the Complaint are Sufficient to Establish the Existence of an Actual Controversy Over the Exercise of Constitutional Rights, Warranting Declaratory Relief, Injunctive Relief, or Both.**

Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P. 8(a)(2). '[O]rdinary pleading rules are not meant to impose a great burden upon a plaintiff.' Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). 'Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) [and additional citations]. Id., 582 F.Supp.2d at p. 1265.

Here, the relief sought is declaratory relief or injunctive relief, as the Court eventually determines to be appropriate. To establish an entitlement to such relief for pleading purposes, a

plaintiff need only describe the existence of a genuine legal dispute over a matter within the jurisdiction of the Court.

> 'Proceedings under the Declaratory Judgment Act are governed by the same pleading standards that are applied in other federal civil actions.' [Citation.] The plaintiff must allege a 'justiciable controversy' in order to state a claim for declaratory relief. ... Maryland Gas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510 (1941)); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461 (1937); Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, etc., 137 F.2d 176 (5th Cir. 1943) aff'd 321 U.S. 590 (1944). The complaint must disclose 'a legal right, relation, status, or interest claimed by plaintiff over which a dispute with the defendant has arisen.' ... Paper Carriers Union No. 450 v. Pulitzer Pub. Co., 309 F.2d 716 (8th Cir. 1962)); see also Aralac, Inc. v. Hat Corp. of America, 166 F.2d 286 (3rd Cir. 1948). The Declaratory Judgment Act is a procedural statute providing an additional remedy in which the federal courts already have jurisdiction, and should be given a liberal interpretation. Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, supra, 137 F.2d at 179.

Heimann v. National Elevator Industry Pension Fund 187 F.3d 493, 510-511 (5th Cir. 1999). The Declaratory Judgment statute, 28 U.S.C. § 2201, provides in relevant part:

> (a) In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The complaint in a declaratory judgment action must therefore allege facts showing existence of an "actual controversy" and that the controversy bears upon a matter within the court's subject matter jurisdiction.

At the heart of this case is the existence and extent of the plaintiff's right to keep and bear arms guaranteed by the Second Amendment to the Constitution. The plaintiff has been denied firearms possession of a Maxim Defense PDX-SD pistol chambered in 5.56 NATO with a built in

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

"soup can" suppressor, Banish 30 suppressor, and a Ruger MKIV-SD Integral Suppressor 22 caliber pistol. The pertinent question before the Court is does the ban on firearms with silencers, suppressors, and sound moderators; and instruments which constitute bearable arms namely silencers, suppressors, and sound moderators themselves violate the Second and Fourteenth Amendments to the United States Constitution.

    This is a federal question squarely within the Court's jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). This controversy is ripe for review and determination in this Court, and facts sufficient to invoke that relief, and possibly additional relief by injunction, are framed in the complaint. This motion to dismiss can and should be denied.

Dated: March 11, 2025      Respectfully submitted by: *[signature]*

                                                                                      Paul Murphy, PRO SE

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**