1   OFFICE OF THE ATTORNEY GENERAL
    Edward Manibusan
2   Attorney General
    J. Robert Glass, Jr. (F0523)
3   Chief Solicitor
    Kassandra Knoff
4   Assistant Attorney General
    Hon Juan A. Sablan Mem. Bldg., 2nd Floor
5   Saipan, MP  96950-8907
    Tel: (670)-237-7500
6   Fax: (670)-664-2349
    e-mail: kassandra_knoff@cnmioag.org
7   Attorney for Anthony Macaranas in his Official Capacity as
    Commissioner of the NMI Department of Public Safety

8

**IN THE UNITED STATES DISTRICT COURT FOR THE**
9                    **NORTHERN MARIANA ISLANDS**

10

| | |
|---|---|
| PAUL MURPHY, | |
| Plaintiff, | Civil Action No. 1:24-CV-00017 |
| v. | **DEFENDANT'S REPLY TO** |
| Anthony Iglecias Macaranas, in his official capacity as Commissioner of the Department of Public Safety of the Northern Mariana Islands | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

Anthony Macaranas in his official capacity as the Commissioner of the NMI Department of Public Safety ("DPS") by and through his attorney of record, Chief Solicitor, J. Robert Glass, Jr., hereby files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 4 and 12 (b)(5), for improper service of the summons and complaint.

## **INTRODUCTION**

Defendant filed a renewed Motion to Dismiss on February 26, 2025 requesting the Court to adopt the position that suits against government officials in their official capacity require service pursuant to Federal Rule of Civil Procedure 4(j). Based on Federal Rule of Civil procedure 4(j), Plaintiff failed to properly serve process and the case should be dismissed or the Court should rant Plaintiff another extension of time to serve. (ECF 14). On March 11, 2025, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss, in which he concedes that he failed

1   to complete service of process under the Federal Rule of Civil Procedure 4(j), and concedes that 6

2   CMC § 2222 no longer exists and thus the Court cannot grant the relief sought. (ECF 15). He

3   attached to the Memorandum the Summons that was served on the Office of the Attorney General

4   on March 6, 2025.

5        Defendant now timely files this Reply to Plaintiff's Memorandum in Opposition to

    Defendant's Motion to Dismiss. Defendant argues that Plaintiff concedes the issues and still has

6   not properly served the Defendant in accordance with Federal Rule of Civil Procedure 4(j), which

7   should control in this case. Further, even the most recent attempts at service have been incomplete

8   as they were served by the Plaintiff himself.

9

10  **<u>RESPONSES TO PLAINTIFF'S ARGUMENTS</u>**

11  **I.     Plaintiff has failed to effectuate proper service under Rule 4(j).**

12       Plaintiff has admittedly not effectuated proper service under Rule 4(j). *See* ECF 15 at 2.

Plaintiff attempted to perfect service by serving the Office of the Attorney General. In support of

13  his efforts to properly effect service, Plaintiff relies on his attached summons. ECF 15-1. However,

14  even this evidence does not show proper service as Plaintiff himself served the Summons and

15  Complaint on the Office of the Attorney General. *See* Affidavit of Antonio Deleon Guerrero.

16       Federal Rule of Civil Procedure 4(c)(2) describes who can serve process: "[a]ny person

who is at least 18 years old and not a party may serve a summons and complaint." Mr. Murphy is

17  the Plaintiff in this case and therefore a party and ineligible to be the one to perform service of the

18  Summons and Complaint. *See Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) (fellow prisoners, but

19  not plaintiff himself could effectuate service on prison guards); *accord Cash v. Equifax*

20  *Information Services, LLC*, No. 2:23-CV-10803-BS-AS, 2024 WL 416367, at *1 (C.D. Cal. Feb.

21  2, 2024) (citing *Reading v. United States*, 506 F.Supp.2d 13, 19 (D.D.C. 2007) for proposition that

22  a party to the suit is prohibited from serving summons and complaint under Rule 4(c)).

23       Thus, the Court lacks jurisdiction over Defendant because he has not been properly served

24  pursuant to Rule 4(j) as the Office of the Attorney General has not been properly served.

25  **II.     Plaintiff Concedes that 6 CMC § 2222 was Repealed.**

26       Since Plaintiff concedes that 6 CMC § 2222 no longer exists and therefore the Court

cannot grant relief, Defendant requests that the Court dismiss this claim with prejudice.

27

28

1

### <u>CONCLUSION</u>

2           For the reasons above, Defendant requests for this Court to hold that suits brought against

3    official capacity defendants are required to follow Rule 4(c)(2) and Rule 4(j) and require Plaintiff

4    to serve in accordance with such Rules. As Plaintiff has not effectuated proper service, the Court

5    should either grant one more extension for Plaintiff or dismiss the case. The Court should also

6    dismiss any claims regarding the constitutionality of 6 CMC § 2222 with prejudice as such statute

     no longer exists.

7

8    Respectfully Submitted,

9    March 18, 2025

10

11                                    CNMI OFFICE OF THE ATTORNEY GENERAL
                                      EDWARD MANIBUSAN, ATTORNEY GENERAL

12

13

14                              By: /s/  J. Robert Glass, Jr.
                                      J. Robert Glass, Jr., Bar No. F0523
15                                    Chief Solicitor

16                                    Office of the Attorney General
                                      Commonwealth of the Northern Mariana Islands
17                                    Attorneys for the Commonwealth

18

19

20

21

22

23

24

25

26

27

28