Paul Murphy MA.IS.
8232 SVRB
Saipan, MP, 96950
(670) 484-6136
paul.murphy.officialmail@gmail.com
Paul Murphy, PRO SE

FILED
Clerk
District Court

JUL 09 2026

for the Northern Mariana Islands
By_____ JP _____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

Paul Murphy                                    ) Case No.: 1-24-cv-00017
                                               )
            Plaintiff,                         )
                                               )
     vs.                                       )
                                               )
ANTHONY IGLECIAS MACARANAS, in his             ) RESPONSE TO DEFENDANT'S CASE LAW
official capacity as Commissioner of the       ) UPDATE
Department of Public Safety of the             )
COMMONWEALTH OF THE NORTHERN                    )
MARIANA ISLANDS (CNMI),                        )
                                               )
            Defendant.                          )
                                               )
                                               )

DATED: July 9, 2026

_____
Paul Murphy
Pro Se

- 1 -
RESPONSE TO DEFENDANT'S CASE LAW UPDATE

Plaintiff, Paul Murphy, Pro Se, in response to Defendant, Anthony I. Macaranas', Ninth Circuit Case Law Update.

COMES NOW Plaintiff, Paul Murphy Pro Se, by and respectfully submits this Response to Defendant Anthony I. Macaranas's Ninth Circuit Case Law Update regarding United States v. Deborba, --- F.4th ---, 2026 WL 1587553 (9th Cir. 2026).

On December 11, 2025, this Court appropriately continued the status conference to July 16, 2026, to await guidance from the Ninth Circuit regarding issues central to the disposition of this matter (ECF No. 27). The Ninth Circuit issued its opinion in Deborba on June 3, 2026 which provides a novel legal test which may be applied specifically to this case.

In United States v. Deborba, --- F.4th 25 ---, 2026 WL 1587553 (9th Cir. 2026) the Defendant had at least three disqualifiers making it illegal for him to own and possess arms. The Plaintiff in this case has no such disqualifications.

Specific to this case, Deborba was convicted of unlawful possession of a firearm silencer. the Ninth Circuit held that silencers "are 'accoutrements' and not arms" and thus do not satisfy the first step of the test as announced in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). This holding runs afoul of the Supreme Court which expressly held that "even though the Second Amendment's definition of 'arms' is fixed according to its historical understanding, that general definition covers modern instruments that facilitate armed self-defense." New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 28 (2022). Even so, following the Ninth Circuit's holding that silencers "are 'accoutrements' and not arms" and thus do not satisfy the first step of the test as announced in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). Deborba, 2026 WL 1587553 would only cover one of the three banned instruments.

In *Deborba* Judge McKeown explains the analysis: "Under Bruen, we undertake a threshold textual inquiry to determine if 'the Second Amendment's plain text covers an individual's conduct.' To determine if a 'component or accessory' of a firearm is covered by the Second Amendment, we ask whether it 'is necessary to the ordinary operation of the weapon.' As we have previously explained, 'optional accessories' to firearms—such as gun slings, scopes, and, importantly, silencers—fall outside of the Second Amendment's plain text because they are 'accoutrements' and

**RESPONSE TO DEFENDANT'S CASE LAW UPDATE**

not arms. *DeBorba's* challenge thus fails at step one of the Bruen analysis." United States v. DeBorba, 166 F.4th 706, ____ (9th Cir. 2026). The question in this case remains whether the "component or accessory" "is necessary to the ordinary operation of the weapon".

While *DeBorba* holds that a suppressor is a non-essential accessory because it is not '... necessary to the ordinary operation of the weapon', this logic fails when applied to integrally suppressed platforms like the Ruger Mark IV integral suppressor .22 pistol. The suppressor components are structurally woven into the barrel and pressure-containment system. Removing these parts makes ordinary, safe operation physically impossible. Thus, satisfying the first step of the test as announced in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022).

The logic held in *DeBorba* also fails when applied to a Maxim Defense PDX-SD pistol chambered in 5.56 NATO. The primary role of the suppressor on the PDX-SD is to act as a pressure regulator to compensate for the tiny 5.5-inch barrel. Without the suppressor a large amount of the propellant ignites completely outside the firearm creating a significant fireball and concussive force, drastically reducing the effective range of the bullet, and under-gasses the pistol causing it to fail to cycle. Removing these parts makes ordinary, safe operation physically impossible. Thus, satisfying the first step of the test as announced in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022).

The Court may elect to await the forthcoming decision in Sanchez v. Bonta, No. 24-5566, to determine whether the Ninth Circuit maintains its current approach or articulates a distinction that could bear on the issues presented here. Alternatively, the Court could proceed to resolve this matter at summary judgment or permit Defendant to concede the case on its merits, with the understanding that Defendant may seek to re-institute proceedings should Sanchez ultimately alter Ninth Circuit jurisprudence regarding silencers.

Filed July 9, 2026.

Dated: July 9, 2026                    Respectfully submitted by: _____

                                       Paul Murphy, PRO SE

**RESPONSE TO DEFENDANT'S CASE LAW UPDATE**